IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FRASER, by his Guardian Ad Litem JUDITH ANN FRASER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TAMALPAIS UNION HIGH SCHOOL DISTRICT,<br><br>Defendant. | No. C-06-1255 MMC<br><br>**ORDER GRANTING MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 4) |

Before the Court is the motion filed April 14, 2005 by defendant Tamalpais Union High School District ("District") to dismiss the instant action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim, pursuant to Rule 12(b)(6). Plaintiffs Matthew Fraser (by his guardian ad litem Judith Ann Fraser), Stephen Fraser, and Judith Ann Fraser have filed opposition; to date, the District has not filed a reply. Having reviewed the papers submitted in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the May 19, 2006 hearing. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

Plaintiff Matthew Fraser ("Matthew") alleges he is a student in good standing at

Tamalpais High School. (See Compl. ¶ 4.) Plaintiffs Stephen Fraser and Judith Ann Fraser are Matthew's parents. (See id.) According to plaintiffs, Matthew suffers from a learning disability protected under § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794). (See id. ¶¶ 12, 15.) Plaintiffs allege the District failed to notify them that Matthew "was eligible for Section 504 protection," failed to provide Matthew with "necessary accommodations," and violated Matthew's rights under § 504 by denying him "the right to participate in athletic programs maintained by" the District. (See id. ¶¶ 10, 12, 17.) Plaintiffs further assert a claim against the District, pursuant to 42 U.S.C. § 1983, for disability discrimination, as well as state law claims for intentional and negligent infliction of emotional distress. (See id. ¶¶ 22-29.) Plaintiffs seek "injunctive relief ordering Defendant to inform students and parents within the School District of the rights and benefits of Section 504, and to provide students [with] the rights and benefits of Section 504"; plaintiffs further seek "an award of compensatory damages to Plaintiffs equal to the injury they suffered due to Defendant's discriminatory practices[.]" (See id., Prayer for Relief ¶¶ 1-2.)

## LEGAL STANDARDS

### A. Rule 12(b)(1)

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

If the challenge to jurisdiction is a facial attack, the Court assumes the plaintiff's "allegations to be true and draw[s] all reasonable inferences in his favor." See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). In resolving a factual attack on jurisdiction, however, the Court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air For Everyone, 373 F.3d at 1039. "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the

evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." See Thornhill Publishing Co. v. General Telephone & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).

**B. Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the

3

facts alleged, need not be accepted as true.  See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

**DISCUSSION**

Although plaintiffs do not assert a claim under the Individuals with Disabilities Education Act ("IDEA"), the District's first argument in support of dismissal is that the Court lacks subject matter jurisdiction over the instant action because plaintiffs have failed to exhaust their administrative remedies under the IDEA.

Although the IDEA does not "restrict or limit the rights, procedures, and remedies available under the Constitution . . . [or] title V of the Rehabilitation Act of 1973 . . . or other Federal laws protecting the rights of children with disabilities," exhaustion of administrative remedies under the IDEA is required "before the filing of a civil action under such laws seeking relief that is also available under" the IDEA.  See 20 U.S.C. § 1415(l).  "If a plaintiff is required to exhaust administrative remedies [under the IDEA], but fails to, federal courts are without jurisdiction to hear the plaintiff's claim." Witte v. Clark County School District, 197 F.3d 1271, 1274 (9th Cir. 1999).

In determining whether a plaintiff is seeking relief available under the IDEA, the "dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies." See Robb v. Bethel School District #403, 308 F.3d 1047, 1050 (9th Cir. 2002).  "If so, exhaustion of those remedies is required." Id.  "If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary." Id.  "Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem." Id.

The principal purpose of the IDEA is "'to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected.'" See id. at 1049 (quoting 20 U.S.C. § 1400(d); alterations in original).  "To carry out these objectives, the

4

IDEA provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate." Id. "Under this scheme of procedural protections, parents are entitled to (1) examination of all relevant records pertaining to evaluation and educational placement of their child; (2) prior written notice whenever the responsible educational agency proposes, or refuses, to change the child's placement; (3) an opportunity to present complaints concerning any aspect of the local agency's provision of a free appropriate public education; and (4) an opportunity for an impartial due process hearing with respect to any such complaints." Id. (internal quotation and citation omitted).

Here, plaintiffs allege the District denied Matthew reasonable accommodations for his learning disability and excluded him from the District's athletic programs because of his disability. (See Compl. ¶¶ 12, 17.) Although not expressly alleged in the complaint, plaintiffs, in their opposition, contend the District's failure to provide Matthew with a "§ 504 program" caused Matthew's grades to decline and that "[w]hen his grades fell beneath a 2.0 average, he was dropped from the football team, because the School District then refused to waive the grade point requirement." (See Opp. at 7-8.) According to plaintiffs, when Matthew "was eventually granted the assistance of the 504 program, his grades improved dramatically." (See id. at 8.)

All of Matthew's asserted injuries arise from the manner in which the District provided him with, or did not provide him with, a free public education. Such injuries are of the type that could be redressed, at least to some meaningful degree, by the administrative procedures and remedies available under the IDEA. See Robb, 308 F.3d at 1050 (holding dispositive question is whether plaintiff has alleged injuries "that could be redressed to any degree" under the IDEA). For example, under the IDEA, a school district must institute an "individualized education program, tailored to the child's unique needs," see Hoeft v. Tucson Unified School District, 967 F.2d 1298, 1300 (9th Cir. 1992) (citing 20 U.S.C. §§ 1401(a)(18), (20)), and also must provide "developmental, corrective, and other supportive

5

1 services . . . as may be required to assist a child with a disability to benefit from special
2 education," see Robb, 308 F.3d at 1050 (internal citation omitted).  Plaintiffs, if dissatisfied
3 with the education provided their child by the District, are entitled under the IDEA to file an
4 administrative complaint "with respect to any matter relating to the identification, evaluation,
5 or educational placement of the child, or the provision of a free appropriate public education
6 to the child," see 20 U.S.C. § 1415(b)(6), to obtain "an impartial due process hearing"
7 thereon, see 20 U.S.C. § 1415(f)(1)(A), and, thereafter, "if aggrieved by the findings and
8 decision" rendered in such a hearing, to bring a civil action, see 20 C.F.R. § 1415(i)(2).

9       Although plaintiffs allege they "sought relief from all appropriate administrative
10 agencies by timely filing a claim with the [District] on October 12, 2005," (see Compl. ¶ 7),
11 plaintiffs concede in their opposition that they filed a claim against the District under the
12 Federal Tort Claims Act, rather than seeking a due process hearing under the IDEA.  (See
13 Opp. at 5.)  Had plaintiffs exhausted their administrative remedies under the IDEA, they
14 might have obtained an individualized education program for Matthew that would have
15 allowed him to achieve a higher grade point average sufficient to meet the District's
16 requirements for competing in school athletic programs.  The purpose of the exhaustion
17 requirement under the IDEA is to permit educational agencies to have "primary
18 responsibility for the educational programs that Congress has charged them to administer,"
19 to ensure that federal courts "are given the benefit of expert fact-finding by a state agency
20 devoted to this very purpose," and to promote "judicial efficiency by giving those agencies
21 the first opportunity to correct shortcomings in their educational programs for disabled
22 students."  See Robb, 308 F.3d at 1051.  In the instant case, each of these purposes would
23 be served by requiring plaintiffs to exhaust their administrative remedies under the IDEA.

24       Plaintiffs argue that exhaustion of administrative remedies would be futile because
25 the District did not prepare an individualized education plan for Matthew, and thus there
26 was nothing for them to challenge in administrative proceedings.  (See Judith Fraser Decl.
27 ¶ 5; Stephen Fraser Decl. ¶ 4.)  Exhaustion of administrative remedies under the IDEA is
28 not required "where resort to the administrative process would be either futile or

6

1 inadequate." See Hoeft, 967 F.2d at 1303.  Under the IDEA, however, an administrative
2 complaint is not limited to challenging the scope of an existing individualized education
3 plan; rather, a party may challenge "any matter relating to the identification, evaluation, or
4 educational placement of the child."  See 20 U.S.C. § 1415(b)(6).  Plaintiffs have not shown
5 that an administrative complaint challenging the asserted failure of the District to prepare
6 an individualized education plan for Matthew would be futile.  Indeed, the exhaustion
7 requirement is designed to give "agencies the first opportunity to correct shortcomings in
8 their educational programs for disabled students."  See Robb, 308 F.3d at 1051.

9       Plaintiffs further argue that exhaustion of administrative remedies is not required
10 because they are seeking damages for "mental and emotional injuries that are non-
11 educational." (See Opp. at 5.)  Although damages are not available under the IDEA, "a
12 plaintiff cannot avoid the IDEA's exhaustion requirement" even by limiting a prayer for relief
13 to such money damages.  See Robb, 308 F.3d at 1049.  Exhaustion of administrative
14 remedies under the IDEA is required if the IDEA provides "relief suitable to remedy the
15 wrong done the plaintiff, which may not always be relief in the precise form the plaintiff
16 seeks."  See id.  The Ninth Circuit has expressly rejected the contention that a claim for
17 damages for "emotional distress, humiliation, embarrassment, and psychological injury" is
18 not subject to the IDEA's exhaustion requirement.  See Robb, 308 F.3d at 1050.  "The
19 IDEA requires a school district to provide not only education but also 'related services,'
20 including . . . 'psychological counseling for children and parents.'" See id. (quoting 20
21 U.S.C. § 1401(22) and 34 C.F.R. § 300.24(b)(9)(v)).  "This battery of educational,
22 psychological, and counseling services could go a long way to correct past wrongdoing by
23 helping [a plaintiff] to heal psychologically and to catch up with [his] peers academically, if
24 [he] has not done so already."  Id.  "It would be inappropriate for a federal court to short-
25 circuit the local school district's administrative process based on the possibility that some
26 residue of the harm [plaintiff] allegedly suffered may not be fully remedied by the services
27 Congress specified in the IDEA."  Id.

28       Accordingly, given plaintiffs' failure to exhaust their administrative remedies under

7

the IDEA, the Court finds it lacks subject matter jurisdiction over plaintiffs' federal claims, and will dismiss said claims without prejudice.  As there is no independent basis for jurisdiction over plaintiffs' state law claims, the Court will dismiss the state law claims as well.[1]

**CONCLUSION**

For the reasons set forth above, the motion to dismiss is hereby GRANTED. Plaintiffs' federal claims are DISMISSED without prejudice to plaintiffs' refiling said claims in a new action after exhaustion of their administrative remedies under the IDEA.  Plaintiffs' state law claims are DISMISSED without prejudice to plaintiffs' refiling said claims either in connection with such new action or in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 17, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of the above ruling, the Court does not reach the District's arguments in support of dismissal of these causes of action for failure to state a claim.